Good morning, your honors. Barry Litt on behalf of the plaintiffs. As the court knows this is our second appeal in this case and so I really want to start with what has always been the central issue in this case. We brought this case because under HACLA regulations, the tenants are entitled to a year advance notice when there's going to be essential and adverse change in the way that their rent works and their rent support works. That was from day one the sole issue in the case. And so our argument was that the tenants had a property interest in the unique circumstances here and because of the regulation the tenants had a property interest not only in their benefits but when you combine that with the regulations ensuring a one-year advance notice before any change occurs, that that property interest extended to advance notice a year in advance. So the issue was whether or not for due process purposes the notice that was given was adequate. Judge Wu ruled against us on that issue and in the court's opinion that was not the case. In the court of appeal decision, the central and really the only issue was that. It was the first notice because it was never in dispute that 30 days before the change actually occurred, the tenants got a much more refined notice. That notice told them exactly what was going to happen to their rent and it notified them that they had the right to a hearing and to contest that. That was 30 days before the change occurred. We never disputed that that was what occurred and our argument was that that was always inadequate. I emphasize this because... Had that notice been given a year in advance, you would not have challenged it. Is that what you mean? Correct. So when I say... And of course they couldn't give that precise notice because they didn't know the exact effect on an individual case. Correct. And we never suggested that they needed to give them the precise information. Our position before in the first appeal was not that they had to give them the precise information because we agreed that the precise information could not be calculated because the reduction in the voucher payment standard was not the only factor that goes into the final determination of rent. Our position was though that the notice that was given and the court of appeals in the first decision agreed. The notice that was given, our position was it was inadequate as a matter of law. The panel disagreed and found that there were disputed issues of fact as to whether it was adequate. But the point is that everybody understood that what we were challenging was that first notice. That the fact that the first notice was incomprehensible and did not meaningfully advise the tenants that they needed to understand that at least all things being equal, HACLA was going to reduce its support for their rent payments which meant that all other factors the same, they were going to have to pay more. And the purpose of that advance notice regulation because when HACLA, when it changes so that HACLA increases the voucher payment standard which means it's providing more support, you don't have to give notice a year in advance. You only have to give notice a year in advance when you're reducing your support. And the history of the regulation when the regulation was adopted indicated that the purpose of that was so that the tenants could understand and prepare and in fact HACLA in the meetings below told the commission, the housing commission that sort of oversees this that that was its purpose. This is, so the first decision, the panel decision decided that there were disputed issues of fact regarding the adequacy of that first notice. We went back down and on the identical record, literally the identical record, there was no new evidence submitted by HACLA. But you wanted to submit new evidence. Pardon me? You wanted to submit new evidence. Well, we wanted to do discovery to be able to, on our end, to be able to submit new evidence which is where the rule 56D issue comes in because we weren't able to get, we were still trying to get the computerized data on the... Your basic position was, I think, that they were not supposed to consider the prior material, only the regulation. I'm not sure I understand, your honor. Did you think they should consider at this hearing what went on prior to the regulation, prior to the receipt of notice? At which hearing are you referring to? At the one in the district court. Our position was that the whole case was about whether or not due process was met by the prior notice. Yes, I understand that. The original notice. Did you think it was relevant what kind of meetings had been held previously? We thought it could be, well, we didn't think it was, but based on the ruling from the Ninth Circuit, which said that there were disputed issues of fact, they were entitled to introduce their evidence of training, but we were entitled to do discovery from the tenants about the extent of that training, the understanding. All that they presented... You wouldn't have had to do that if they hadn't introduced any evidence. Correct. And they didn't introduce any evidence on that. They introduced a declaration from somebody from HACLA who said tenants get trained, but the only specific thing he said was we had a handful of meetings, and in the record it shows that by their description, 105 tenants attended these meetings out of 41,000 notices that were sent. So when you said there was no addition to the record, you mean except for that affidavit? No, that was in the original record. Oh, that was in the original record. Yes, that was in the original record. That was in the record that was before the Court of Appeals. Let me just take you off the subject for one minute. As far as the state claim, the panel did not say they disagreed with the district court's ruling on the mandatory duty under the state claim. Correct. And under that mandatory duty, according to the panel, the notice had to be sufficiently effective to protect the housing benefits received from an abrupt and unexpected reduction. But they say there is a mandatory duty under state law to comply with the regulation. Well, the mandatory duty under 815.6, a mandatory duty may be created by either a federal or state statute or regulation. Whatever it is supported by. The panel said that there was a mandatory duty under state law to comply with the regulation. Yes. Is the district court decision in conflict with that? Absolutely, because the district court decision is in conflict with it. The district court decision says, okay, there is a mandatory duty. But what it did was say the mandatory duty was satisfied because you have to look at the whole process. What the district court did in the second round was say, regardless of what the Ninth Circuit said, you look at the whole process and relied heavily, and I would say primarily, on this 30-day notice. But if the language in the Ninth Circuit decision said that the tenants were protected from an abrupt and unexpected change, which was a proxy for our argument, that the notice said you have to give them this information a year in advance. So the abrupt and unexpected change is not protection from the regulation is not satisfied by a hearing that basically on the eve of the change tells people what the change is going to be. So in answer to your question, Judge Reinhart, I think that Judge Wu addressed the issue from the perspective that there was a mandatory duty but found, just as he found with the due process claim, that the mandatory duty was satisfied based on the whole process. I want to emphasize that if the whole process was relevant, then the panel should have affirmed the first summary judgment because we never contested, ever, that the 30-day notice occurred, that it satisfied due process, that it told people the right to the hearing. So the issue in the appeal always was, is the first notice. Does the first notice have to, on its own, because it's intended to ensure that people get advance notice so that they can prepare, do you judge this based on that notice, and if that notice did not satisfy due process, do you have a due process violation? But in the Nosy 1 case, the panel did direct the district court to apply the Matthews factors test to determine what process was due, and wasn't that what the district court did? In fact, the concurrence gave the district court specific direction on what the district court should do. Yes, so let me speak to that. The concurrence says that we conceded at oral argument that due process had been met in the second round, but that remand was proper, but that's really not factually correct in terms of the record. We conceded that from the beginning of the case. It was always conceded. That notice was put in the record in the undisputed facts submitted by HACLA, and we did not dispute it. So it was always there. So in my view, the concurrence is not consistent with the decision that the tenants are protected from an abrupt and unexpected change. That 30-day advance notice does not protect them from an abrupt and unexpected change, which the panel held that under the regulation combined with the Section 8 benefits, they were entitled to. Well, you're not talking simply about an abrupt and unexpected change. You're talking about a one-year notice. Well, our view, look, I had to take the language of the panel decision because it's a very short decision. When you read the briefing, the argument was that led to this abrupt and unexpected change language, which does not exist in the regulation. What exists in the regulation was you're entitled to notice at the second, what's called the second annual re-examination because the way that this works is there are annual sort of examinations of your benefits. And so therefore, the panel used shorthand for that, but you can only make sense of the panel decision that it was referring to that regulation because that's the regulation that was at issue. That's the regulation that created the interest in the abrupt and unexpected change. In answer to your question, Judge Dew, it's not totally clear what the panel had in mind, but Matthews as a general proposition is basically something that says that there's flexibility. We agree that this was an unusual situation. There's no hearing required, so the direction to apply Matthews can't be read that Matthews could be applied in such a way as to undermine the first decision because the first decision was you must give them adequate notice in advance. And if you don't, there they said there were disputed issues of fact about the due process violation. So the way that we've always interpreted that language, which I agree is somewhat hard to grasp, is the district court would have to determine the process, but that doesn't change the fact that the district court could undo what the circuit court did in finding that the issue was the first notice and that there were disputed issues of fact about whether that was adequate. The state court claim, the panel said there was a mandatory duty to provide one year notice before implementing the reduced VPS. Right. It didn't say anything about unexpected, abrupt, anything else. It said there's a mandatory duty to provide a one year notice. Right, that in the 815.6 discussion, in the due process discussion, the panel used it. I said in the state claim, the panel made it clear that the regulation provided a one year notice. Correct. I only have a little time left. You have no time left, but we'll give you two minutes to revoke it. Okay, thank you. Roy Weatherup of Louis Bridge Boyd. This is Gordon Smith for the housing authority of the city of Los Angeles. The threshold issue raised by the plaintiffs in their briefs and alluded to here is the effect of the law of the case doctrine. And let me quote briefly from this court's decision in Thomas versus Bible, authored by Judge Reinhardt, as to what this doctrine requires. Under the doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the identical case. Moreover, under the law of the case doctrine, one panel of an appellate court will not, as a general rule, reconsider questions which another panel has decided in a prior appeal in the same case. For the doctrine to apply, the issue in question must have been decided either expressly or by necessary implication. And the basic dispute here, as it was in the district court on remand, is what was decided by the panel decision. The plaintiff's position is that the court determined that the plaintiffs may go to trial on the due process issue. But rather, if the opinion in the majority is read carefully, it's merely decided that the trial judge erred the first time in failing to apply the Matthews factors in basing his decision on erroneous reasoning, which was the absence of a property interest. And the key portion of the majority opinion, when it gives the scope of the remand, makes this point clear. On page four, what processes do to protect plaintiff's well-settled property interest in their section 8 benefits is controlled by the factors set forth in Matthews versus Eldridge in the citation. Upon remand, the district court shall apply the Matthews factors to the circumstances here presented. And the circumstances here presented are the statements of undisputed material fact produced by both sides, which revealed the circumstances of the two notices involved in this case. And if you continue reading that paragraph, the panel in No. Z1 also indicated that, moreover, given the district court recognized that, quote, the consequences of a certain reduction in benefits to a section 8 participant could be potentially devastating, unquote, there exists a genuine issue of material fact as to whether heckler notice sufficiently protected plaintiff's property interest. Yes, and then the district court was ordered to and did look at the facts under the Matthews guidance factors that guide the determination. And the reference to the issue, I think, should be understood as a mixed issue of fact and law for the court to decide once the facts are determined. And here, as Judge Wu found on remand, is that there was no material dispute in the facts, that he accepted the statements of undisputed material fact of both sides, and then examined the Matthews factors and found that they were satisfied and that there was no due process violation with respect to the notice. But even accepting that the panel in the No. Z1 case directs the district court to look at the facts to determine whether or not the process here satisfied the Matthews factors test, didn't the district court resolve the factual dispute in favor of the housing authority? Yes, and that was the case. Should it have done that under the motion for summary judgment standard? Well, because all the facts are undisputed and it, therefore, becomes a question of law. The majority... Wait, I thought you conceded that the facts were disputed and that the district court resolved the facts in favor of the moving party. The district court resolved the facts in favor of the housing authority in light of the Matthews factors. The facts, the question... Just take the notice, it's facts and inferences. Is the notice sufficiently clear is an issue to tell them that they are getting a one-year notice? The facts, you draw the inferences all in favor of the plaintiff to see whether he can grant summary judgment. Now, it's hard for me to see how you can draw all the inferences in favor of the plaintiff regarding whether that notice tells you that your contribution to rent is going to have to be increased and the district is going to pay less a year in advance. Now, I understand that a month in advance, that was made clear. Right, and under the case law, it's the total regulatory process which refers to both notices. Well, if the question is did they get a year's notice, it can't be that what you tell them a month before gives them a year's notice. No, they get, under the regulations, they get a year's notice of the possibility that there will be a change depending on the circumstances. And that... Well, that's the question, whatever, let's assume that. You have to know there's a possibility. Even if it's a possibility, what does that notice tell them? You can argue clearly that the notice is adequate. You can argue that people who are uneducated, poor, mentally disabled would not understand from that notice that their rent is likely to be reduced. Well, but in the context... I mean, that the contribution is likely to be reduced. What you're told 11 months later can't define what that notice is. Well, I think that this question is answered partly by the concurring opinion of the panel and partly... Which the panel didn't agree with, obviously. Well, the majority did not agree. Otherwise, it would have been in the majority. They didn't address the question of what evidence... One judge's view, but not the view of the panel. Of course. However, the majority did not say what evidence could be considered. And the concurring... It doesn't have to. Well, but the case law, as applied by Judge Wu, indicates that one looks at the totality of the notice regime, not just the components of it. Depends on what you're looking for. If you're looking for, to answer the question, were they told a year in advance, you can't look at what they were told a month in advance. Hold on, hold on. When you look at the totality, you're talking about a different kind of notice. If you're saying, were they given notice before something happened? Yes, clearly, they were given notice before something happened. A month's notice. If the question is, if you would agree, and you may not, but if you would agree that they are entitled to a year's notice, that they have a property interest in that, of not having that property taken away without a year's notice, then I must say, I don't understand how you can say, yes, they were told a month before. They are not entitled to a year's notice of what the reduction, if any, will be. Because that depends on a lot of factors, some of which are individual, as specified. But the due process does not depend on the regulations. It depends on the constitutional notice of the notice as a whole. And the Willis case from the Seventh Circuit very clearly indicates that a court considering adequacy of notice must look at both notices. In that case, as you hear, there were two separate notices. And together they were sufficient. And then the next. What's your understanding as to what they're required to do a year in advance? Only what the regulation said and only what was done. That they have to be notified that there may be an adjustment in approximately a year, but it won't take effect for a year. And that the adjustment is in accordance with the housing authority decisions and the statutes and so forth and regulations. That's what they were required to be notified and were. And then the second notice completed the process and gave 30 days. And under this court's decision in Rosas, that is completely adequate in which the court held that a 10-day notice is adequate for reduction of benefits under the Assistance to Dependent Children Act. And so the. Do they require a one-year notice in that case? No, they required 10 days. And that's here the requirement of notice. No, but in that case, there was no regulation that required a year's notice. But the regulation did not require a year's notice of what the adjustment, if any, will be, but only that there might be an adjustment. And as the record shows, only about half of the recipients of this program had and experienced a reduction. Because that depends on individual factors such as income that might change, family size that might change if a new child is born or if one leaves home, and all these other individual factors. And that's what the hearing is they're entitled to. They get 30 days rather than the 10 days as in Rosas. And the basic point, as Judge Wu found, is that if you look at the issue of due process depends on the Constitution, not the regulations. And in deciding the constitutional issue, you don't consider the regulation but consider whether you get advance notice and a right to be heard, and that was afforded here. And by the second notice and also by the events prior to issuance of the first notice. Now, let me respond to the state law claims, all of which are derivative from the federal claims. As Judge Wu found, that if there is no federal violation, then there are no independent state claims. And the best authority for this proposition is the Guzman versus County of Monterey case, where the California Supreme Court unanimously refused to find a mandatory duty under government code section 815. But the panel here did find a mandatory duty. On the assumption that there might also be a federal due process violation. And if there is a federal due process violation. When it says the district court incorrectly concluded that the notice provided by defendants satisfied the mandatory duty in 982.505 to provide one year notice before implementing the reduced BPS. And yes, because the district court correctly found that that notice was given. But then that decision, if you look only at the first notice, then if that decision violated the federal regulation, it might violate the state's mandatory duty provision. They governs public employees. But the Guzman court, the unanimous state Supreme Court held. I'm not talking about whether this is right or wrong. If you want to talk about whether the panel was wrong by saying it's contrary to California court decisions, that's one thing. But I'm talking about what the panel said at the moment. Well, what the panel said was based on the assumption is merely a statement that, as pleaded, it wasn't necessarily established that there was no state law cause of action. In the sentence I read you, it said, as pleaded, it's not necessarily a violation. What it said, I'll read it to you again. The district court incorrectly concluded that the notice provided by defendants satisfied the mandatory duty in section 982 to provide one year notice before implementing the reduced BIP. Yes. And the reference to the word notice refers to the whole process and not only to the first notice. And that was, you know, That only weakens your case. If you're saying they considered all the notices and said they didn't comply with the, that it was enough, Then you're in worse shape than if they only said the one notice. No, because the two cannot be considered in isolation. As the Willis case and other authorities cited in our brief indicate that one has to look at the entire notice process to determine whether that violates the Constitution. And if it violated the federal Constitution, it would also violate the state statute. You know, I just don't know where you see that. You're making a nice argument if you didn't have a decision here. I'm only asking you about what the panel said about the state's claim. But as Mr. Lick conceded, the majority panel decision is ambiguous.  Well, I think he was referring in general to it, but the ambiguity is best resolved the way that Judge Wu resolved it. That you look at the state claims as derivative from the federal claims and that if the federal claims do not stand, which he found that they do not because there was full compliance with the Matthews factors, then the state claims disappear in accordance with the Guzman case of the Supreme Court. Okay, you're over two minutes over. So, well, thank you. Yes, thank you. I think we said we'd give you two minutes. Thank you, Your Honor. So let me go quickly. On my supposed concession of ambiguity, what I said was that the court's reference to Matthews was ambiguous. I don't think that holding that the key issue was the advance notice and that there were disputed facts on that was ambiguous. The Willis case involved, yes, it did involve using other materials, all of which were provided at the same time. It did not involve a case where there was an 11-month separation. It did not involve a case where you were guaranteed notice at a certain point in time. Rosas was about whether or not Congress had to give advance notice when it changed the law, which is different from agency implementation. So the line of cases about the congressional discretion have nothing to do with this case. Our basic position is that whatever had to be communicated, at a minimum it had to be communicated that this change in regulation meant that HACL was going to contribute less of rent, and all things being equal, that meant the tenants were going to have to pay more. That's pretty simple and straightforward. It doesn't require knowing the precise result in any individual case. 815.6 speaks for itself. The panel clearly held that the regulation was violated, which is what 815.6 is explicit about that. The only other point that I would make is it's in the brief, but Judge Wu did ask that if this decision is reversed, the case be reassigned, and he asked that this court do it. He asked that we reassign it to either Judge Real or Judge Wright. Be careful what you ask for. I understand. I'm just telling you that's what he asked. Thank you. Okay, thank you. The case is adjourned. It will be submitted.
judges: Du, Reinhardt, Clifton